IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| NANCY MORROW, individually, ALVIN RUSSELL MOON, individually and as the personal representative of the ESTATE OF AUSTIN RUSSELL MOON and Next Friend of C.D., a minor child; and CHRISTA DONAHUE, as next friend of A.D., a minor child<br><br>PLAINTIFFS<br><br>v.<br><br>JONATHAN MEACHUM, in his individual capacity; and EASTLAND COUNTY, TEXAS<br><br>DEFENDANTS | CIVIL ACTION NO. _____ |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFFS, NANCY MORROW, Individually, ALVIN RUSSELL MOON, Individually and as Personal Representatives of the Estate of AUSTIN RUSSELL MOON and Next Friend of C.D., a minor child, individually, and CHRISTA DONAHUE, as Next Friend of A.D., a minor child, individually, bring this 42 U.S.C. § 1983 excessive force and illegal seizure claim against JONATHAN MEACHUM and EASTLAND COUNTY, TEXAS, Defendants, for causing the death of their son and father, Austin Russell Moon.

## PARTIES

1. Plaintiff Nancy Morrow is the natural mother of the deceased, Austin Russell Moon. She brings these claims individually as a wrongful death beneficiary. Ms. Morrow is a citizen of the State of Texas and resident of Midland County, Texas.

2. Plaintiff Alvin Russell Moon is the natural father of the deceased, and brings suit in his individual capacity as a wrongful death beneficiary, as the personal representative of the Estate of Austin Russell Moon, and as next friend of C.D., a minor, who is a beneficiary of the Estate of Austin Moon and a wrongful death beneficiary. He is a citizen of the State of Texas and resident of Midland County, Texas.

3. Plaintiff Christa Donahue is the natural mother of A.D., the minor child of Austin Moon. She brings suit as the next friend of A.D., who is a beneficiary of the Estate of Austin Moon and a wrongful death beneficiary. Ms. Donahue is a citizen of the State of Texas and resident of Polk County, Texas.

4. The deceased, Austin Moon, died intestate, and had no surviving spouse. There were no probate proceedings arising from his death, as none were necessary. All potential heirs-at-law have agreed to resolve the distribution of any assets obtained by the Estate of Austin Moon, and all potential heirs-at-law are joined in this action. All potential heirs-at-law have agreed that Plaintiff Alvin Russell Moon will prosecute all claims on behalf of the Estate of Austin Moon. Likewise, all potential wrongful death beneficiaries are joined in this action.

5. Defendant Eastland County is a political subdivision of the State of Texas. At all relevant times, Eastland County employed Defendant Jonathan Meachum as an investigator. Eastland County may be served through citation on the Eastland County Judge, Honorable Rex Fields, at 100 West Main Street, Suite 203, Eastland, Texas, 76448. *Service is requested at this time.*

6. Defendant Jonathan Meachum, is a resident of Eastland County, Texas. At all relevant times, he was employed by Eastland County as an investigator, and was acting under color of law.

He may be served with process at 1300 W. 12th Street, Cisco, Texas, 76437. *Service is requested at this time.*

## JURISDICTION AND VENUE

7. Because this case is brought pursuant to 42 U.S.C. § 1983, this Court has federal question jurisdiction. This Court has personal jurisdiction over Defendants because Defendants reside or are otherwise located in the Abilene Division of the Northern District of Texas.

8. Venue is proper in this court because the events giving rise to Plaintiffs' claims occurred in Eastland County, Texas, which is located within the boundaries of the Abilene Division of the Northern District of Texas.

## FACTS

9. Defendant Jonathan Meachum, age 25, intentionally struck Austin Moon's motorcycle with his marked police SUV while traveling at high speeds. This blatant excessive force broke almost every major bone and severed multiple organs in Austin Moon's 22-year-old body, killing him almost instantly.

10. Defendant Meachum, while employed by Eastland County as a police officer and driving a marked police SUV, was traveling east on Interstate 20, a four-lane highway. According to Meachum, he observed a motorcycle driven by Austin Moon traveling east behind him and driving approximately 10 miles over the speed limit (85 in a 75 mile per hour zone). Meachum pulled onto the right shoulder to allow a sedan in the right lane to pass him. As the sedan passed him, the motorcycle driven by Austin Moon, traveling in the left lane beside the sedan, also passed him. At the time Austin Moon passed Meachum, was traveling only slightly faster than the sedan. When Meachum initiated a traffic stop, Austin Moon accelerated at a high rate of speed.

11. Despite his young age, Austin Moon was an experienced motorcyclist, and his motorcycle was well under control. He was not driving recklessly, and did not pose a danger to Meachum or any third parties. It was late afternoon in the summer, and conditions were clear and visibility was high.

12. Because Meachum's SUV had essentially stopped to allow the sedan and motorcycle to pass, the motorcycle was out of his view after mere seconds. Nonetheless, Meachum gave pursuit at high speed, quickly reaching 123 miles per hour, and radioed for backup.

13. Within minutes, approximately 10 officers, including units for the Cisco Police Department, Eastland County, and the Texas Department of Public Safety were aware of and/or participating in the pursuit.

14. As Meachum continued traveling east on Interstate 20, he lost sight of Austin Moon within seconds. As he approached TX-183, Meachum allegedly observed congestion on Interstate 20, and, suspecting Austin Moon may have traveled south on TX-183, exited Interstate 20 and turned south on TX-183, intending to continue the chase. Unbeknownst to Meachum at this time, Austin Moon had actually exited Interstate 20 on TX-183, turned north, and stopped to get gasoline at an Allsup's convenience store located at the northeast corner of the intersection of Interstate 20 and TX-183.

15. Shortly after Meachum began traveling south on TX-183 at a high rate of speed, Eastland County Deputy Sheriff Ben Yarbrough observed Austin Moon at the Allsup's gas pumps. When Austin Moon pulled out of the parking lot and began traveling south on TX-183, Deputy Yarbrough called pursuit on the radio and, within, seconds, was joined by Officer Jarrett Turner of the Cisco Police Department in the pursuit of Austin Moon south on TX-183.

16.     At that time, Meachum heard the radio call that Austin Moon was heading south on TX-183 at high speed, and that Yarbrough and Turner were chasing him. At this point, Meachum knew he was ahead of Austin Moon.

17.     Meachum turned off his siren. Because he was significantly ahead of Austin Moon, Moon had no idea that Meachum was ahead of him. Because it was late afternoon, with the sun shining brightly, Meachum's police lights would not have significantly increased his visibility.

18.     At that time, TX-183 was a two-lane rural road with light traffic. Even if Austin Moon was traveling at high speeds, he posed no danger to any other members of the general public. He was not swerving in and out of traffic, as there were few vehicles on the roadway, and he was not endangering anyone other than himself. Austin Moon remained in control of his motorcycle at all times.

19.     Meachum, with full knowledge that Austin Moon was traveling south on TX-183 behind him, continued to drive at over 100 miles per hour until after cresting a hill, when he immediately braked. When Austin Moon encountered Meachum's Tahoe he attempted to avoid it by braking and turning left to go around it, at which point Meachum intentionally swerved the SUV left across the center strip and directly into the path of Austin Moon's motorcycle. Meachum swerved into Austin Moon's path solely to stop the motorcycle by hitting it with his SUV, and for no other reason. Meachum intentionally hit the motorcycle with the SUV intending to do harm to Austin Moon. Intentionally hitting Austin Moon's motorcycle with his SUV constituted deadly force. It would be obvious to any competent police officer that striking a motorcyclist with an SUV would cause a high probability of catastrophic injury or death.

20. Meachum gave Austin Moon no warning he intended to strike him with the SUV to end the chase.

21. Meachum had ample time to deliberate, and intentionally decided to strike Austin Moon's motorcycle after considering other alternatives to end the chase. He did not use force in good faith to restore order, but, instead, intentionally struck Austin Moon intending to do him harm. The use of deadly force was objectively unreasonable given the offense Austin Moon was suspected of (speeding), the amount of force applied, the massive injuries caused, and given that force was only used to prevent escape for a minor underlying traffic offense.

22. When the Meachum's squad car hit Moon's motorcycle, the motorcycle broke in half and traveled approximately 1,584 feet. The impact tore the left corner panel off the SUV, blew out its left rear tire, and shattered the rear windshield. Moon flew through the air, over a nearby fence. He died at the scene in excruciating pain after breaking every major bone in his body.

23. Intentionally turning an SUV into a motorcycle to stop a speeding suspect shocks the conscious.

24. Though arresting motorcyclists for speeding is a recurring situation that law enforcement officers will obviously face, Eastland County failed to train Meachum that striking a motorcyclist with his SUV is extremely dangerous. Likewise, Eastland County failed to train Meachum that executing a "rolling block" to stop a motorcyclist a short distance behind a police SUV when the motorcycle is approaching at a high speed is extremely dangerous. Finally, Eastland County failed to train Meachum that stopping his SUV to execute a "rolling block" over the crest of a hill is extremely dangerous when attempting to stop a vehicle approaching from behind at high speed.

25. Eastland County, through its policymakers (including the sheriff) knew failing to train Meachum as described above was extraordinarily dangerous, because the danger was obvious.

26. Austin Moon was just 22 years old, and was survived by the Plaintiffs.

## CAUSE OF ACTION:

## DEFENDANTS' ACTIONS CONSTITUTED AN EXCESSIVE FORCE AND UNLAWFUL SEIZURE

(Fourth and Fourteenth Amendment, 42 U.S.C. § 1983)

27. Meachum used clearly excessive force against Austin Moon when he posed no immediate danger to others. Meachum used deadly force to stop Austin Moon from speeding, a minor offense. Meachum's use of force was completely unreasonable, and no reasonable or competent officer would have struck a motorcyclist with an SUV.

28. Likewise, Meachum's actions constituted a governmental termination of freedom of movement through means intentionally applied, and therefore, constituted a seizure. Meachum's seizure was unlawful because Moon was not a sufficient threat to others and Meachum's use of lethal force to detain Moon was excessive and unreasonable.

29. Meachum's use of force was clearly excessive to the need, objectively unreasonable in light of clearly established law, and directly caused the death of Austin Moon. Therefore, Meachum's actions violated Austin Moon's Fourth and Fourteenth Amendment rights to be free from unlawful seizure.

30. Eastland County had a policy, practice, or custom of failing to train officers, including Meachum, that striking motorcyclists with police SUVs is extremely dangerous, and constitutes

deadly force. Eastland County failed to train officers, including Meachum, that utilizing a "rolling block" over the crest of a hill to stop a motorist traveling at a high rate of speed from behind is extraordinarily dangerous, as it does not allow the motorist adequate time to slow and stop.

31. Eastland County was deliberately indifferent to this danger, as it is obvious that stopping high-speed chases with motorcyclists will be a recurring situation that presents an obvious potential for a constitutional violation. The sheriff, as the County's policymaker, was well aware of this lack of critical training, and deliberately indifferent to the need.

32. Thus, Eastland County is also liable for violating Austin Moon's Fourth and Fourteenth Amendment rights under the U.S. Constitution.

## **DAMAGES**

33. Plaintiff Christa Donahue, as next friend of A.D., sues for the following damages:

   a. Pecuniary loss sustained in the past;

   b. Pecuniary loss that, in reasonably probability, A.D. will sustain in the future;

   c. Loss of companionship and society sustained in the past;

   d. Loss of companionship and society that, in reasonable probability, A.D. will sustain in the future;

   e. Mental anguish sustained in the past;

   f. Mental anguish that, in reasonable probability, A.D. will sustain in the future; and,

   g. Loss of inheritance.

34. Plaintiff Alvin Moon, as next friend of C.D., sues for the following damages:

   a. Pecuniary loss sustained in the past;

      b.    Pecuniary loss that, in reasonably probability, C.D. will sustain in the future;

      c.    Loss of companionship and society sustained in the past;

      d.    Loss of companionship and society that, in reasonable probability, C.D. will sustain in the future;

      e.    Mental anguish sustained in the past;

      f.    Mental anguish that, in reasonable probability, C.D. will sustain in the future; and,

      g.    Loss of inheritance.

35. Plaintiff Alvin Moon, as personal representative of the estate of Austin Russell Moon, sues for the following damages:

      a.    Pain and suffering sustained in the past by Austin Russell Moon;

      b.    Mental anguish sustained in the past by Austin Russell Moon;

      c.    Funeral and burial expenses sustained by the Estate.

36. Plaintiff Nancy Morrow, individually as a wrongful death beneficiary, sues for the following damages:

      a.    Pecuniary loss sustained in the past;

      b.    Pecuniary loss that, in reasonably probability, will be sustained in the future

      c.    Loss of companionship and society sustained in the past;

      d.    Loss of companionship and society that, in reasonable probability, will be sustained in the future;

      e.    Mental anguish sustained in the past; and

      f.    Mental anguish that, in reasonable probability, will be sustained in the future.

37. Plaintiff Alvin Russell Moon, individually as a wrongful death beneficiary, sues for

the following damages:

a. Pecuniary loss sustained in the past;

b. Pecuniary loss that, in reasonably probability, will be sustained in the future;

c. Loss of companionship and society sustained in the past;

d. Loss of companionship and society that, in reasonable probability, will be sustained in the future;

e. Mental anguish sustained in the past; and

f. Mental anguish that, in reasonable probability, will be sustained in the future.

h. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988, including, but not limited to, expert fees.

## **PRAYER FOR RELIEF**

38. Accordingly, Plaintiffs ask that judgment be awarded against Defendants for:

a. Compensatory damages;

b. Punitive damages against Defendant Meachum only;

c. Attorneys' fees, including reasonable and necessary expenses such as expert witness fees, pursuant to 42 U.S.C. § 1988;

d. Court costs;

e. Prejudgment and post-judgment interest at the highest rate allowable by law; and

f. All other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

___/s/ Greg Allen_____
**Greg Allen**
State Bar No. 01033350
Email: greg@gregallenlaw.com
**W. Cole Thompson**
State Bar No. 24098515
Email: cole@gregallenlaw.com
**ALLEN LAW FIRM**
P.O. Box 700
Abilene, TX 79604
Phone:  (325) 437-2424
Fax:      (325) 437-3837

**LEAD COUNSEL**

EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
Tel.     512-623-7727
Fax.    512-623-7729

By     /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783

**ATTORNEYS FOR PLAINTIFFS**