IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 SEP 18 AM 10: 35

DEPUTY CLERK

| | | |
|---|---|---|
| NANCY MORROW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN MEACHUM, *in his* | ) | |
| *individual capacity*, and EASTLAND | ) | |
| COUNTY, TEXAS, | ) | |
| | ) | |
| Defendants. | ) | Civil Action No. 1:16-CV-118-C |

## ORDER

On this day, the Court considered:

(1) Defendants Jonathan Meachum and Eastland County, Texas's Motion for Summary Judgment, filed February 17, 2017;

(2) Plaintiffs Nancy Morrow, Christa Donahue, and Alvin Russell Moon's Response to Defendants' Motion for Summary Judgment, filed March 10, 2017;

(3) Defendants' Reply to Plaintiffs' Brief in Opposition, filed March 29, 2017;

(4) Plaintiffs' Sur-Reply in Opposition, filed April 12, 2017;

(5) Defendants' Sur-Surreply to Plaintiffs' Sur-Reply, filed May 2, 2017;

(6) The Report and Recommendation of the United States Magistrate Judge on Defendants' Motion for Summary Judgment, filed June 22, 2017;

(7) Plaintiffs' Objections to the Magistrate's Report and Recommendation, filed July 6, 2017;

(8) Defendants' Partial Objections to Report and Recommendation, filed July 6, 2017;

(9) Defendants' Response to Plaintiffs' Brief in Support of Objections, filed July 20, 2017; and

(10) Plaintiffs' Response in Opposition to Defendants' Objections, filed July 27, 2017.

# I. BACKGROUND

On June 26, 2014, Defendant Jonathan Meachum was patrolling I-20 near Cisco, Texas, in a marked law enforcement SUV. Meachum saw Austin Moon riding a motorcycle behind him on the Interstate, speeding and weaving in and out of traffic. Meachum turned on his emergency lights to initiate a traffic stop but Moon accelerated past Meachum and continued to speed down I-20 until Meachum lost sight of him. Meachum called in the attempted traffic stop and alerted other law enforcement in the area that Moon had evaded on his motorcycle. When Moon stopped for gas further up the road, he was identified by an Eastland County Deputy Sheriff at the gas station; Moon fled the gas station and began traveling south on Highway 183. At this point, Meachum was also traveling south on Highway 183, now ahead of Moon's position. Meachum eventually saw Moon in his rear view mirror, approaching at a high rate of speed. As Meachum was cresting a hill on the highway, he moved into the oncoming traffic lane and slowed his vehicle to warn oncoming traffic of the police pursuit and to impede Moon from passing him. Moon's motorcycle—traveling at a speed of around 150 miles per hour—collided with the rear driver's side of Meachum's SUV, throwing Moon from the bike and killing him.

Plaintiffs brought this suit under 42 U.S.C. § 1983, asserting claims on behalf of Moon for excessive force and unlawful seizure in violation of the Fourth and Fourteenth Amendments. Defendant Meachum now moves for summary judgment on the issue of qualified immunity and Defendant Eastland County contemporaneously moves for summary judgment on the grounds that it has no liability for any of Plaintiffs' claims.

## II. STANDARDS

### Summary Judgment

Typically, the party moving for summary judgment must demonstrate the absence of a genuine dispute of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). However, "[a] qualified immunity defense to § 1983 liability alters the usual summary judgment burden of proof; once an official pleads the defense of qualified immunity in a § 1983 action, the burden then shifts to the plaintiff." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *see also Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) ("Although nominally an affirmative defense, the plaintiff has the burden to negate the assertion of qualified immunity once properly raised."). Nonetheless, all of the evidence and reasonable inferences deduced therefrom are to be construed in a light most favorable to the nonmoving party. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009); *see also Brown*, 623 F.3d at 253 ("The plaintiff bears the burden of negating qualified immunity, but all inferences are drawn in his favor.").

### Qualified Immunity

The doctrine of qualified immunity serves to shield a governmental official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 456 (5th Cir. 2001). Qualified immunity should be the norm and, as the Supreme Court has stated, protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986).

3

To support a claim of qualified immunity, a defendant must plead qualified immunity and demonstrate that he is a governmental official whose position involves the exercise of discretion. *Thompson*, 245 F.3d at 456. The burden then shifts to the plaintiff to rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law. *Id.* Thus, the defendant is not required to demonstrate that he did not violate the clearly established rights of the plaintiff. *Id.*

Once properly pleaded, the court must make a threshold determination whether a statutory or constitutional right of the plaintiff would have been violated on the facts alleged. *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004). The court must then determine whether the defendant official's conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* In excessive force cases, "the second prong of the analysis is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in light of that then clearly established law." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005).

The court must determine whether the right was clearly established at the time of the incident in question. *Harlow*, 457 U.S. at 818; *Elder v. Holloway*, 510 U.S. 510, 516 (1994) (holding that whether a right is clearly established is question of law for the court); *Thompson*, 245 F.3d at 456. "Clearly established" means that the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640; *Thompson*, 245 F.3d at 457. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held

unlawful. *Anderson,* 483 U.S. at 640 (citing *Mitchell,* 472 U.S. at 535 n.12). Rather, the unlawfulness must be apparent in light of pre-existing law. *See Malley,* 475 U.S. at 344–45. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments or fairly be said to "know" that the law forbade conduct not previously identified as unlawful. *Harlow,* 457 U.S. at 818.

A defendant's acts are held to be objectively reasonable unless all reasonable officials, acting under the circumstances presented to the defendant, would have then known that the defendant's conduct violated the Constitution or federal statute. *Anderson,* 483 U.S. at 640. The circumstances presented to the defendant include the facts known to the defendant at the time of the action. *Id.* at 641. But the subjective state of the defendant's mind has no bearing on whether the defendant is entitled to qualified immunity. *Anderson,* 483 U.S. at 641; *Thompson,* 245 F.3d at 456. "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Tarver,* 410 F.3d at 750.

### III. DISCUSSION

The parties extensively briefed their summary judgment arguments to the United States Magistrate Judge. On June 22, 2017, the Magistrate Judge filed his Report and Recommendation and Order on Various Motions, making the following orders, findings and recommendations: (1) the Magistrate Judge denied as moot Defendants' Motion to Strike the expert testimony of John Painter; (2) the Magistrate Judge found that Plaintiffs had "raised sufficient factual questions fit for trial to determine whether Meachum acted reasonably in seizing Moon;" (3) the Magistrate Judge found that, despite the factual question as to reasonableness, Plaintiffs

had "not shown Meachum violated either controlling authority or a robust consensus of persuasive precedent such that [Meachum's] invocation of qualified immunity should be abrogated;" (4) the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted as to the claims against Meachum on the grounds of qualified immunity (based on the finding that Meachum did not violate clearly established law); and (5) the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be denied as premature as to the independent claims against Eastland County.[1]

Each party filed written objections to the Report and Recommendation and responses to the other party's objections. Plaintiffs make the following two objections: (1) the Magistrate Judge erred by resolving a disputed question of material fact (specifically, by determining that Moon posed a threat to the safety of others); and (2) the Magistrate Judge erred by incorrectly narrowing the inquiry of clearly established law and concluding that Meachum's actions did not violate clearly established law. Defendants make the following additional objections: (1) the Magistrate Judge erred by concluding that there is a fact issue regarding the reasonableness of Meachum's actions (i.e. the Magistrate Judge should have granted qualified immunity on the "reasonableness inquiry" as well as the "clearly established law inquiry"); (2) the Magistrate Judge erred by recommending that summary judgment should be denied to Eastland County as premature; and (3) the Magistrate Judge erred in denying Defendants' Motion to Strike.

The Court addresses each objection in turn.

---

[1] The Magistrate Judge also granted a motion by Defendants requesting leave to file a Sur-Surreply and Supplemental Index, but that order is not relevant to any issue presently before the Court.

6

## A. Plaintiffs' Objections

### 1. Improper Resolution of Factual Dispute

Plaintiffs' first objection is that the Report and Recommendation impermissibly "draws conclusions about the threat Meachum believed Moon posed to traffic in the distance." Pls.' Br. in Supp. of Objs 1. According to Plaintiffs, "a jury should decide the degree of any danger, and whether the circumstances made Meachum's decision [to position his vehicle in such as way as to impede Moon] reasonable." *Id.* The reasonableness of an officer's use of force is evaluated from the perspective of a reasonable officer at the scene, rather than with the 20/20 vision of hindsight. *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016). Factors to consider include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Id.* It is true that Courts normally accept the non-movant's version of events as true for the purposes of summary judgment and that factual disputes should be resolved in favor of the non-moving party. But, in the context of a qualified immunity analysis on an excessive force claim, it is also proper for the Court to consider the *objective* risk that a fleeing suspect poses to the safety of officers or others. *See Griggs*, 841 F.3d at 312.

The Court finds that the Magistrate Judge did not impermissibly resolve factual disputes against the Plaintiffs, but rather—in the context of analyzing Meachum's entitlement to qualified immunity—objectively considered the appropriate and relevant factors of (1) the severity of Moon's crime; (2) the immediate threat that Moon posed to others; and (3) Moon's active attempts to evade arrest. R. & R. at 14 ("Although there may be some dispute about the level of danger to those other drivers on the highway, it is certainly not fair to claim Moon 'never posed a

danger to anyone[,]' and that Meachum therefore violated the clearly established right the Sixth Circuit has found in prior cases."); *see Griggs*, 841 F.3d at 313 ("Although [Plaintiff] is correct that, based on his testimony and the ambiguities in the video, a reasonable jury might find that he was not *actually* resisting arrest, that is not the proper inquiry [at the qualified immunity stage]. A court must measure the force used under the facts as a reasonable officer *would perceive them*, not necessarily against the historical facts.") (emphasis in original). A reasonable officer would perceive that a vehicle evading police detention and traveling at approximately twice the legal speed limit (near 150 miles per hour) on an uneven highway, with other traffic and civilians in the area, poses at least *some* threat to the safety of the public; the Magistrate Judge was correct to consider this objective threat in distinguishing the Sixth Circuit precedent relied upon by Plaintiffs.[2] Plaintiffs' first objection is overruled.

### 2. Improper Analysis of Clearly Established Law

Plaintiffs' second objection is that the Report and Recommendation "erred in its analysis of clearly established law that existed at the time prohibiting Meachum from intentionally killing Moon." Pls.' Br. in Supp. of Objs. 1. Plaintiffs take issue with the Magistrate Judge's thorough analysis of the law concerning rolling roadblocks, claiming that by focusing only on these precedents the Magistrate Judge failed to consider that "[w]here the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

---

[2]The Magistrate Judge commented on the threat posed by Moon to other motorists in the area in order to distinguish a holding by the United States Court of Appeals for the Sixth Circuit that "a suspect fleeing in a car that has never posed a danger to anyone has the clearly established right not to be seized with deadly force." *Smith v. Cupp*, 430 F.3d 766, 777 (6th Cir. 2005).

As discussed above, the Magistrate Judge concluded that "it is certainly not fair to claim Moon 'never posed a danger to anyone.'" R. & R. at 14. The Court agrees with that assessment. Moon was driving at extremely high rates of speed for at least five minutes on a highway with uneven terrain and other motorists. He deliberately fled from law enforcement officers on at least two separate occasions and clearly demonstrated that he had no intention of allowing himself to be apprehended. Moon's behavior posed an objectively apparent danger to other motorists on the road, and the precedent of *Garner* is therefore inapplicable here. Instead, as recognized by the Magistrate Judge, the law is clear that "[a] police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death." *Scott v. Harris*, 550 U.S. 372, 386 (2007); *Mullenix v. Luna*, 136 S. Ct. 305, 310 (2015) ("The [Supreme] Court has . . . never found the use of deadly force in connection with a dangerous car chase to violate the Fourth Amendment, let alone to be a basis for denying qualified immunity."). The Magistrate Judge did not err in his analysis of the law applicable to this case and Plaintiffs' second objection is thus overruled.

## B. Defendants' Objections

### 1. Denial of Qualified Immunity on the "Reasonableness Inquiry"

While the Magistrate Judge ultimately resolved the issue of qualified immunity in favor of Meachum, Defendants object that the reasoning for that decision was partially flawed. In excessive force cases, "the second prong of the [qualified immunity] analysis is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was

objectively unreasonable in light of that then clearly established law." *Tarver*, 410 F.3d at 750. As noted above, the Magistrate Judge determined that there was a legitimate fact issue as to whether Meachum's conduct was objectively unreasonable but further concluded that Meachum's actions (even if found to be excessive) were not contrary to clearly established law. Defendants contend that the Magistrate Judge should have found in Meachum's favor on the first inquiry as well; they ask the Court to partially reverse the Magistrate Judge and grant qualified immunity for both reasons instead of just one. The Court is mindful that "[t]he two steps of the qualified immunity inquiry may be performed in any order," *Griggs*, 841 F.3d at 313, and that Meachum is entitled to qualified immunity unless Plaintiffs satisfy their burden on *each* of the relevant inquiries. Assuming (without deciding) that Defendants are correct on this argument, it would not change the outcome in any way because Meachum is already entitled to qualified immunity based on the Court's determination that his conduct did not violate clearly established law. The Court therefore concludes that this objection is superfluous and declines to consider it in the interest of judicial economy.

### 2. Summary Judgment for Eastland County

Defendants' second objection takes issue with the Magistrate Judge's recommendation that Defendant Eastland County's Motion for Summary Judgment should be denied without prejudice as premature. The Magistrate Judge was entirely correct in reaching this decision because the qualified immunity analysis takes place early in the case and no issues other than qualified immunity are properly before the Court at this time. Defendant Eastland County seeks a premature summary judgment determination before Plaintiffs have even been permitted to conduct any discovery regarding Eastland County's liability. This objection is overruled.

10

### 3. Defendants' Motion to Strike

Finally, Defendants object to the Magistrate Judge's order denying their Motion to Strike. On March 29, 2017, Defendants moved to strike the expert testimony of John Painter (as summary judgment evidence for Plaintiffs) "to the extent he is offering his opinion on the intent or other state of mind of Defendant Meachum." Defs.' Objs. to Pls.' Summ. J. Evid. and Mot. to Strike 1. The Magistrate Judge concluded that the Motion for Summary Judgment should be decided on the basis of a question of law, not fact, and denied the Motion to Strike as moot (without prejudice to it being renewed at a later, appropriate stage of the litigation). The Court agrees with the Magistrate Judge that Mr. Painter's testimony is wholly irrelevant to the question of whether Meachum violated any of Moon's clearly established rights. The Court is further of the opinion that the Motion to Strike is moot in light of (1) the Court's conclusion that Meachum is entitled to qualified immunity for the reasons stated above, and (2) the fact that the Court need not consider any testimony from Painter in reaching that conclusion. Therefore, this objection is overruled and the Court will not disturb the ruling of the Magistrate Judge.

### IV. CONCLUSION

For the foregoing reasons, all of Plaintiffs' and Defendants' objections to the Report and Recommendation are **OVERRULED**, except for Defendants' first objection (which the Court determines is irrelevant and declines to consider in the interest of judicial economy). Having conducted a careful *de novo* review of the Report and Recommendation and overruled all relevant objections, the Court finds no error with the Magistrate Judge's findings and conclusions. It is therefore **ORDERED** that the findings and conclusions of the Report and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court. For the

reasons stated therein, as well as those additional reasons discussed in this Order, the Court

makes the following rulings: (1) Defendants' Motion for Summary Judgment is **GRANTED** as

to Defendant Meachum and the Court finds that Defendant Meachum is entitled to qualified

immunity on Plaintiffs' claims against him in his individual capacity; (2) accordingly, all claims

against Defendant Meachum in his individual capacity are **DISMISSED**; and (3) Defendants'

Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE** as to Defendant

Eastland County. Defendant Eastland County is free to assert a proper motion to dismiss or

renewed motion for summary judgment at the correct stage of this litigation.

This case is returned to the docket of the Honorable E. Scott Frost for further proceedings

consistent with Second Amended Special Order No. 3-301.[3]

SO ORDERED this _18th_ day of September, 2017.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]Before returning this case to Magistrate Judge Frost, The Court simultaneously enters a separate order disposing of Defendant Eastland County's [Second] Motion for Summary Judgment, filed September 14, 2017.