# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| NANCY MORROW, *et al.*, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No. 1:16-CV-00118-BL |
| EASTLAND COUNTY, TEXAS | § § § § | |
| **Defendant.** | § § | |

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER ON VARIOUS MOTIONS

Now before the court are Eastland County's Amended Motion for Summary Judgment (Doc. 71), Eastland County's Objections to Plaintiffs' Summary Judgment Evidence and Motion to Strike (Doc. 82), and Plaintiffs' Unopposed Motion for Leave to File Out of Time (Doc. 86). Plaintiffs brought this action in their individual capacities, as an administrator of the estate of Austin Moon, and on behalf of Moon's minor children following his death after he collided with a vehicle driven by a law enforcement officer employed by Eastland County. The officer was granted summary judgment resulting from qualified immunity, and that ruling was affirmed on appeal. Now under consideration is Eastland County's Motion for Summary Judgment and a dispute over expert evidence.

As these three motions are interrelated, the undersigned **DENIES as moot** the Motion to Strike and **GRANTS** the Motion for Leave to File before providing a report and recommendation on the Motion for Summary Judgment. The parties have adequately briefed the issues in the Motion for Summary Judgment (Docs. 72; 79; 83). As the parties have not unanimously consented to the

jurisdiction of the United States Magistrate Judge, the court makes this report and recommendation on the Motion for Summary Judgment to the Senior United States District Judge.

## I. MOTION FOR LEAVE TO FILE

Plaintiffs request the court to consider their response to the motion to strike discussed below, even though it was filed a few hours past the deadline date. (Doc. 86). Plaintiffs claim there was no work done after the deadline, it was submitted late inadvertently and corrected as soon as practicable, and Eastland County is unopposed to the motion. *Id.* at 1-2. This motion (Doc. 86) is **GRANTED** and the relevant response is considered below.

## II. MOTION TO STRIKE

Eastland County moves to strike evidence offered by an expert for the Plaintiffs, Curtis Painter, alleging it is "not relevant to the sole remaining claim in this suit." (Doc. 82, 2). An expert may offer testimony on scientific or other specialized topics if it will help the factfinder weigh the evidence or determine a fact at issue if the expert's testimony is based upon sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has applied those principles and methods reliably to the particulars of the case. *See* Fed. R. Evid. 702. As with other evidence, the admissibility of expert testimony is determined by its relevance and reliability. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

Expert evidence is relevant if it helps the factfinder understand the other evidence in the case or determine a material fact because the reasoning and methodology of the expert can be properly applied to the facts of a case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 591. If an expert's opinion is not relevant, the Court should exclude that opinion. *See* Fed. R. Evid. 402; *Daubert*, 509 U.S. at 591. The proponent of expert testimony must show by a preponderance of

the evidence that the testimony offered is reliable. *See Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). In weighing reliability, the Court considers the extent to which the theory used by the expert has been or can be tested, whether the theory has been subject to peer review and publication, the potential rate of error, and whether the technique and theory are generally accepted as valid by the relevant scientific community. *See Daubert*, 509 U.S. at 592-94. The Court can also consider if the expert's opinion is the result of an impermissible leap from the data. *See General Elec. v. Joiner*, 522 U.S. 136, 146 (1997) ("nothing in either *Daubert* or the Federal Rules of evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

Eastland County argues Plaintiffs have not met their burden of showing the relevance of Painter's evidence. However, as explained below, this motion for summary judgment should be decided on the basis of a question of law, not fact. The evidence offered by Painter is not relevant to this question of law, and so this Court **DENIES** the motion to strike as moot, without prejudice to a later similar filing from Defendants if appropriate at a later stage.

### III. MOTION FOR SUMMARY JUDGMENT

**A. Uncontested Facts**

Meachum is an Investigator for the 91st Criminal District Attorney employed by Eastland County, Texas, and was patrolling I-20 near Cisco, Texas in a marked law enforcement SUV on the afternoon of June 26, 2014. Meachum determined a motorcycle behind him in traffic was driving in excess of the posted speed limit and turned his emergency lights on to initiate a traffic stop of Moon, the motorcycle driver. Instead of stopping, Moon accelerated past Meachum and out of his sight. Meachum contacted other law enforcement personnel in the area to advise them he was pursuing a motorcycle fleeing the attempted traffic stop.

After escaping Meachum's sight, Moon stopped for gas at the intersection of I-20 and US-183 in Cisco, where Eastland County Deputy Sheriff Ben Yarbrough recognized his small blue and white motorcycle from the description provided by Meachum. After Yarbrough pulled into the gas station, Moon sped out from behind the pumps, heading south on Highway 183. At this point, Meachum was ahead of Moon who was also heading south on Highway 183. Further down the highway, Meachum saw Moon in his rear view mirror and moved partway into the oncoming traffic lane to impede Moon from passing him on the left while also cresting a hill. Moon ran into the rear driver's side of Meachum's SUV, and was pronounced dead at the scene of the collision.

### B. Applicable Legal Standard

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 65(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment." *Kellough v. Bertrand*, 22 F.Supp.2d 602, 606 (S.D. Tex. 1998) (citing *Anderson*, 477 U.S. at 247-48).

"Although the court consider[s] the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th

Cir. 2000) (quoting *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999), *cert. denied* 528 U.S. 1160 (2000)); *accord Celotex*, 477 U.S. at 324 (the non-movant must identify specific evidence in the record and show how it presents a genuine issue of material fact for trial); *Cass v. City of Abilene*, 2016 WL 737077 (5th Cir. Feb 24, 2016) (*per curiam*) ("[T]o avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.") (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, the Court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### C. Discussion

The parties agree that to establish liability on the part of the County, Plaintiffs must show an official policy, custom, or failure to train that resulted in a constitutional violation by the County's employee. (Docs. 72, 11; 79, 14).

**Failure to Train**

The County points to a rule, asserting that when an officer has complied with the minimum training required by Texas, the plaintiff must allege that the minimum training required was inadequate to maintain their case. (Doc. 72, 13) citing *Sanders-Burns v. City of Plano*, 594 F.3d 366, 382-83 (5th Cir. 2010). Defendants respond that "the County ... needed to train Meachum

beyond the minimum entry requirements ... because the County had Meachum spend the bulk of his time on traffic pursuits ...." (Doc. 79, 25). They also point to a case from the Southern District of Texas which states that "compliance with state training requirements [is a] relevant but not dispositive factor[,]" and cites a different Fifth Circuit from 2010 case for that proposition. (Doc. 72, 24) quoting *Hobart v. Stafford*, 784 F. Supp. 2d 732, 754 (S.D. Tex. 2011) citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161 (5th Cir. 2010). However, *Zarnow* stated that "compliance with state requirements as a factor counsel[s] against a 'failure to train' finding" and held there was not sufficient evidence about that element of the failure to train claim to support the allegation. 614 F.3d at 171. So, it appears most fair to read that instruction as creating a presumption that completion of the minimum state training is sufficient which can be overcome by specific factual allegations.

Although the Defendants conflate Meachum's training with the official policy or custom of Eastland County, they make these specific allegations about his training: the County did not provide Meachum with training about "rolling blocks," moving into an oncoming traffic lane, limiting his speed, executing a chase of motorcycles, or using deadly force in pursuits. (Doc. 79, 21-24). The County responds that Plaintiffs are confusing roadblocks with the actions Meachum described, Meachum has "received extensive training related to pursuits[,]" confuse the evidence Meachum's supervisor provided about his own training with the training that Meachum was provided concerning motorcycles, and that Meachum was trained in the dangers posed by pursuits through multiple training instances. (Doc. 83, 15-17).

As the County notes, the question is whether the training proscribed by the County is inadequate, not whether other training might have caused Meachum to react or decide differently in the chain of events leading to Moon's death. (Doc. 83, 18). The plaintiffs do not show that

training on any of the relevant issues in this case are consistently required by other entities or point to authority indicating that minimal standards should have progressed to include training on these issues. They instead argue that if Meachum had been trained differently, the events of that day might have happened differently. This is insufficient to sustain the failure to train claim in the face of the presumption afforded to completion of the state training regimen, and so summary judgment should be granted on this claim as a matter of law.

**Policy or Custom**

Eastland County also argues that there is no sufficient allegation of a policy or custom which resulted in a constitutional violation. Plaintiffs must show

> A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or ... a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*per curiam*). The parties do not dispute the relevant written policy of Eastland County, only emphasize different phrases. The relevant portions of that policy read:

> **Emergency Driving (General)**
> The District Attorney's Office primary objective in all emergency-driving situations is the protection of lives and the safety of all persons. During emergency driving situations investigators will operate their vehicle with extreme caution and the utilization of emergency lights and siren on authorized emergency vehicles. Driving under emergency conditions does not relieve the investigator from the duty to drive with due regard for the safety of all persons, nor will these provisions protect the officer from the consequences of his reckless disregard for the safety of others.

> Negligent or reckless actions committed by investigators while in pursuit or when responding to emergencies is prohibited by law and expressly forbidden by this policy. The duty to avoid damage or injury to innocent third parties is superior to that of pursuit or emergency response.
>
> …
>
> **Emergency Driving (Pursuit)**
> …
> B. An investigator may engage in pursuit to effect and arrest.
> C. The decision to avoid apprehension and cause a pursuit to be initiated rests with the suspect for it is only his decision not to stop at the direction of an investigator who is attempting to make a lawful arrest or detention that a pursuit may become necessary. Once pursuit has begun the investigator should immediately notify the Eastland County Dispatch for priority radio communications to be diverted to pursuing officers, the responsibility to continue a pursuit in the safest possible manner or to discontinue a pursuit when conditions no longer justify a pursuit rest with the pursuing investigator.
> D. During a pursuit the investigator will constantly evaluate the need to apprehend against the potential for injury to any person or damage to property if the pursuit is continued. While every attempt should be made to pursue and apprehend a fleeing suspect, the decision to terminate the pursuit based on an evaluation of conditions considered to be too hazardous to justify continued pursuit is proper police procedure and shall always be considered.

(Doc. 73, 27-29). Plaintiffs argue that policy provisions which give investigators unlimited discretion on how to engage in high-speed pursuits and mandate "every attempt … to pursue and apprehend a fleeing suspect" operate in concert to create a policy authorizing the use of deadly force on any fleeing suspect. (Doc. 79, 16-19). However, by its own terms, the policy "does not relieve the investigator from the duty to drive with due regard for the safety of all persons [or] … protect the officer from the consequences" of driving in both pursuit and non-pursuit emergency situations. (Doc. 73, 27).

Indeed, the policy does give the pursuing investigator ultimate discretion in continuing or abandoning a pursuit, but also imposes upon them responsibility for considering the safety and advisability of actions given the circumstances. Read in context, "every attempt" at apprehending

a fleeing suspect means every attempt which the officer believes is reasonable given the circumstances of the chase, not apprehension at all costs.

Furthermore, Plaintiffs must also allege a constitutional deprivation actually occurred as the result of the alleged custom or policy. *Bennett*, 735 F.2d at 862. But, as the Supreme Court has held, "[a] police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death." *Scott v. Harris*, 550 U.S. 372, 386 (2007). Even if the policy explicitly and plainly authorized deadly force when bystanders were in danger, or there were a provable custom to the same effect in Eastland County, it would be constitutional. Plaintiffs here do not, as a matter of law, show a policy or custom which resulted in an unconstitutional deprivation, and so summary judgment should be granted on that claim.

## IV. CONCLUSION

For the reasons above, the undersigned **GRANTS** the motion for leave to file (Doc. 86), **DENIES** as moot the motion to strike (Doc.82), and **RECOMMENDS** the motion for summary judgment (Doc. 71) be **GRANTED** as to all remaining claims in this case.

**IT IS ORDERED** that this case is reassigned to the docket of Senior United States District Judge Sam R. Cummings. After this reassignment, the undersigned may continue to exercise all powers permitted by 28 U.S.C. § 636(b) unless otherwise directed by Judge Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated June 10, 2019.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**